**1. Criminal law ☞1086(13)—Appeal dismissed where record contains no final judgment.**

Where record contains no final judgment, the appeal will be dismissed.

**2. Criminal law ☞1110(2)—Record may be corrected by insertion of final judgment on dismissal of appeal for insufficiency of record.**

On dismissal of appeal for failure of record to contain final judgment, record may be corrected by insertion of such judgment, if there be one.

**3. Criminal law ☞1086(3)—Record on appeal should show selection or qualification of special judge before whom defendant was tried.**

Where defendant was tried before a special judge, the record on appeal should contain documents exhibiting selection or qualification of judge.

Appeal from District Court, Jasper County; George E. Holland, Special Judge.

J. B. Roberts was convicted of assault with intent to kill, and he appeals. Appeal dismissed.

Tom Garrard, State's Atty., and Grover C. Morris, Asst. State's Atty., both of Austin, for the State.

LATTIMORE, J. Appellant was convicted in the district court of Jasper county of assault with intent to murder, and his punishment fixed at two years in the penitentiary.

[1-3] An inspection of the record shows that it contains no final judgment. Under the numerous authorities collated by Mr. Vernon on page 870 of his Annotated C. C. P., this court will be compelled to dismiss the appeal for the lack of such judgment. In this connection, and inasmuch as the record may be corrected by the insertion of such judgment if there be one, attention is also called to the fact that the case appears to have been tried before a special judge and there appears in the record no document exhibiting the selection or qualification of such judge. This should be done.

The appeal is dismissed.

---

## HARDIN v. STATE.　(No. 8553.)

(Court of Criminal Appeals of Texas.　Dec. 10, 1924.　Rehearing Denied Jan. 21, 1925.)

**1. Burglary ☞41(1)—Evidence held to sustain conviction.**

Evidence *held* to sustain conviction for burglary.

On Motion for Rehearing.

**2. Criminal law ☞763, 764(14)—Charge referring only to daytime burglary, where indictment would have supported prosecution for either daytime or nighttime burglary, held not charge on evidence.**

Where indictment was sufficient to support prosecution for either daytime or nighttime burglary, and where proof showed daytime burglary, court's action in submitting to jury only law of a daytime burglary was not objectionable as charge on weight of evidence.

**3. Criminal law ☞1056(1)—Omission of word "years" in instruction as to punishment held not reversible error.**

Omission of word "years," in instruction as to assessment of punishment in case jury found defendant guilty, *held*, in absence of exception, not reversible error under Code Cr. Proc. 1911, arts. 735, 743.

Appeal from District Court, San Jacinto County; J. L. Manry, Judge.

Nathan Hardin was convicted of burglary, and he appeals. Affirmed.

Gates & Briggs, of Huntsville, and J. M. Hansbro, of Cold Springs, for appellant.

Tom Garrard, State's Atty., and Grover C. Morris, Asst. State's Atty., both of Austin, for the State.

LATTIMORE, J. Appellant was convicted in the district court of San Jacinto county of burglary, and his punishment fixed at two years in the penitentiary.

[1] The indictment appearing to be in proper form and the charge of the court presenting the law of the case without any exception thereto, the only question left is that of the sufficiency of the testimony. The prosecuting witness testified fully to the burglary of his smokehouse and the loss of meat which was found in appellant's possession shortly thereafter. Appellant's presence near the smokehouse is also shown by testimony. There being no explanation of appellant's possession of the meat so soon after the burglary, and his tracks and presence near the burglarized premises being also in evidence, the facts are deemed sufficient to support the conviction, and an affirmance will be ordered.

On Motion for Rehearing.

[2] Two points are stressed in the motion and argument thereon. The indictment charged a breaking and entry by force with

intent to commit theft, and in this form would have supported a prosecution for either a daytime or a nighttime burglary. The proof showed a daytime burglary. The court submitted to the jury in his charge the law of a daytime burglary. Appellant now objects to this procedure. We do not regard the charge as on the weight of the evidence because it referred only to a daytime burglary. Such charge was applicable to the facts as shown by the witnesses, and puts a greater burden on the state because it requires that the proof show beyond a reasonable doubt that the breaking was by force applied to the building. Appellant has no proper complaint.

[3] Appellant also urges error in that the court told the jury, as appears from the transcript, in the event they found appellant guilty to assess his punishment for any time not less than two nor more than twelve; the word "years" being omitted in this part of the charge. There was no exception taken to the charge as is required by the terms of article 735 of our C. C. P., and there is no doubt in our minds but that if the transcript before us correctly presents the charge of the trial court on this particular point, if his attention had been called to this matter by an exception, the charge would have been corrected. We are forbidden by the express terms of article 743 of our C. C. P. to reverse cases for errors in the charge unless same were excepted to and are calculated to materially injure the rights of the appellant. The jury gave him the lowest penalty for the crime of burglary. We are not able to bring ourselves to believe any injury resulted if in fact the word "years" was omitted from the charge as presented. Thompson v. State, 91 Tex. Cr. R. 234, 237 S. W. 926.

Being unable to agree with the contentions of learned counsel for appellant, the motion for rehearing will be overruled.